## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| ACE PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 23-10083 |
| ENDURING MEMORIES HEADSTONE MONUMENT CO., LLC; ENDURING MEMORIES CEMETERY MANAGEMENT COMPANY, INC.; KAYLA WILLIAMS, CHELSEA WILLIAMS and ALLEN WILLIAMS, minors, by their next of friend ALICIA TERRY; ALICIA TERRY, individually; TERRANCE GRAHAM; PATRICE WILSON; BREANNA BROWN, HATTIE MAY BROWN; JACQUELINE BROWN-PARKS; and PRESTON STRICKLAND, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

### COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff ACE PROPERTY AND CASUALTY COMPANY ("Chubb") by and through its attorneys TRAUB LIEBERMAN STRAUS & SHREWSBERRY, LLP, and for its Complaint for Declaratory Judgment against Defendants ENDURING MEMORIES HEADSTONE MONUMENT CO., LLC; ENDURING MEMORIES CEMETERY MANAGEMENT COMPANY, INC.; KAYLA WILLIAMS, CHELSEA WILLIAMS and ALLEN WILLIAMS, minors, by their next of friend ALICIA TERRY; ALICIA TERRY, individually; PATRICE WILSON; TERRANCE GRAHAM; BREANNA BROWN, HATTIE MAY BROWN; JACQUELINE BROWN-PARKS; and PRESTON STRICKLAND, states as follows:

**NATURE OF ACTION**

1.       Plaintiff Chubb is an insurance company and issued two consecutive Businessowners Liability Policies, policy number D52780160, to Enduring Memories Headstone Monument Co., LLC ("Enduring Memories LLC") for the policy periods August 20, 2019, to August 20, 2020 ("19-20 Policy"), and August 20, 2020, to August 20, 2021 ("20-21 Policy"), respectively (collectively, the "Chubb Policies"). Copies of the 19-20 and 20-21 Policies are attached hereto as **Exhibit A** and **Exhibit B**, respectively.

2.       Chubb brings this Complaint for Declaratory Judgment pursuant to 28 U.S.C. §§ 2201, *et seq*. and Rule 57 of the Federal Rules of Civil Procedure seeking a declaration with respect to its duty to defend and indemnify Enduring Memories LLC and Enduring Memories Cemetery Management Company, Inc. ("Enduring Memories Management Company"), under the Chubb Policies in connection with five underlying lawsuits brought against Chubb's insureds:

(a)  *Kayla Williams, et. al. v. Enduring Memories Headstone Monument Co., LLC*, case number 22-001296-NO, pending in the Circuit Court for the County of Wayne, Michigan (the "*Williams* Lawsuit");

(b)  *Terrance Graham v. New Calvary Baptist Church, et. al.*, case number 22-006927-NO, pending in the Circuit Court for the County of Wayne, Michigan (the "*Graham* Lawsuit");

(c)  *Patrice Wilson v. Enduring Memories Cemetery Management Company, Inc. et al*, case number 22-003190-NO, pending in the Circuit Court for the County of Wayne, Michigan (the "*Wilson* Lawsuit");

(d)  *Patrice Wilson v. Enduring Memories Headstone Monument Co., LLC*, case number 22-007060-NO, pending in the Circuit Court for the County of Wayne, Michigan (the "*Wilson II* Lawsuit"); and

(e)  *Breanna Brown, et. al. v. New Calvary Baptist Church*, *et. al.*, case number 22-010684-NO, pending in the Circuit Court for the Third Judicial Circuit, County of Wayne, Michigan (the "*Brown* Lawsuit").

Chubb seeks a declaration that no coverage is available under the Chubb Policies and that Chubb has no obligation to defend, indemnify, pay, or reimburse Enduring Memories LLC and Enduring Memories Management Company in coAcennection with the underlying *Williams*, *Graham*, *Wilson, Wilson II*, and *Brown* lawsuits.

3.     There exists an actual and justiciable controversy among the parties concerning their respective rights, duties, and obligations under and pursuant to the Chubb Policies. Chubb contends that there is no obligation to defend or indemnify Enduring Memories LLC and Enduring Memories Management Company in connection with the claims asserted in the underlying lawsuits based on the terms of the Chubb Policies and applicable law.

4.     Chubb has no adequate remedy at law and, therefore, desires a judicial determination of its rights and duties in accordance with the Chubb Policies. A judicial declaration is necessary and appropriate at this time so that Chubb may ascertain its rights and duties with respect to defense and indemnity under the Chubb Policies for the underlying lawsuits identified herein.

## JURISDICTION & VENUE

5.       Jurisdiction over this matter is appropriate pursuant to 28 U.S.C. § 1332(a) as the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens of different states.

6.       Venue is appropriate in this district pursuant to 28. U.S.C. § 1391(a), in that the underlying lawsuits are pending in this district and a substantial part of the events giving rise to this claim occurred in this district.  Further, the Chubb Policies were issued and delivered by Chubb to Defendant Enduring Memories LLC in this judicial district.

## THE PARTIES

7.       Plaintiff Chubb is, and all relevant times was, an insurance company organized under the laws of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania.

8.       Defendant Enduring Memories Headstone Monument Co., LLC, is a Michigan limited liability company, with its principal place of business at 11526 Morang Drive, Detroit, Michigan.  The sole member of Enduring Memories LLC is Silvia Thomas, a citizen of Michigan, domiciled in Detroit, Michigan.

9.       Defendant Enduring Memories Cemetery Management Company, Inc., is a corporation organized under the laws of Michigan, with its principal place of business located at 11526 Morang Drive, Detroit, Michigan.

10.      Defendant Kayla Williams is a citizen of Ohio, domiciled in Ohio.  Kayla Williams is a plaintiff in the underlying *Williams* lawsuit and is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that she may be bound by the judgment entered in this case. If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Chubb will voluntarily dismiss the Defendant from this action.

4

11.     Defendant Chelsea Williams is a citizen of Ohio, domiciled in Ohio. Chelsea Williams is a plaintiff in the underlying *Williams* lawsuit and is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that she may be bound by the judgment entered in this case. If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Chubb will voluntarily dismiss the Defendant from this action.

12.     Defendant Allen Williams is a citizen of Ohio, domiciled in Ohio.  Allen Williams is a plaintiff in the underlying *Williams* lawsuit and is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that he may be bound by the judgment entered in this case. If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Chubb will voluntarily dismiss the Defendant from this action.

13.     Defendant Alicia Terry is a citizen of Ohio, domiciled in Ohio. Alicia Terry is a plaintiff in the underlying *Williams* lawsuit and is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that she may be bound by the judgment entered in this case. If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Chubb will voluntarily dismiss the Defendant from this action.

14.     Defendant Terrance Graham is a citizen of Michigan, domiciled in Macomb County, Michigan. Terrance Graham is a plaintiff in the underlying *Graham* lawsuit and is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that he may be bound by the judgment entered in this case. If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Chubb will voluntarily dismiss the Defendant from this action.

15.     Defendant Patrice Wilson is a citizen of Michigan, domiciled in Macomb County, Michigan. Patrice Wilson is a plaintiff in the underlying *Wilson* and *Wilson II* lawsuits and is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that she may be bound by the judgment entered in this case.  If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Chubb will voluntarily dismiss the Defendant from this action.

16.     Defendant Breanna Brown is a citizen of Michigan, domiciled in Macomb County, Michigan. Breanna Brown is a plaintiff in the underlying *Brown* lawsuit and is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that she may be bound by the judgment entered in this case.  If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Chubb will voluntarily dismiss the Defendant from this action.

17.     Defendant Hatie May Brown is a citizen of Michigan, domiciled in Oakland County, Michigan.  Hatie May Brown is a plaintiff in the underlying *Brown* lawsuit and is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that she may be bound by the judgment entered in this case.  If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Chubb will voluntarily dismiss the Defendant from this action.

18.     Defendant Jacqueline Brown-Parks is a citizen of Michigan, domiciled in Wayne County, Michigan.  Jacqueline Brown-Parks is a plaintiff in the underlying *Brown* lawsuit and is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that she may be bound by the judgment entered in this case.  If Defendant

executes a stipulation agreeing to be bound by any judgment entered herein, Chubb will voluntarily dismiss the Defendant from this action.

19.     Defendant Preston Strickland is a citizen of Michigan, domiciled in Macomb County, Michigan.  Preston Strickland is a plaintiff in the underlying *Brown* lawsuit and is joined as a defendant herein as a necessary party pursuant to Rule 19 of the Federal Rules of Civil Procedure and so that he may be bound by the judgment entered in this case.  If Defendant executes a stipulation agreeing to be bound by any judgment entered herein, Chubb will voluntarily dismiss the Defendant from this action.

## THE UNDERLYING LAWSUITS

20.     On February 2, 2022, claimants Alicia Terry, individually and as next of friend for minors Kayla Williams, Chelsea Williams, and Allen Williams, wife and children of decedent Allen C. Williams, filed a Complaint, case number 22-001296-NO, in the Circuit Court for the County of Wayne, Michigan, against Enduring Memories LLC (the "*Williams* lawsuit").  A copy of the *Williams* lawsuit is attached hereto as **Exhibit C**.

21.     On March 17, 2022, claimant Patrice Wilson, mother of decedent Martinus Wilson, filed a Complaint, case number 22-003190-NO, in the Circuit Court for the County of Wayne, Michigan, against Enduring Memories Management Company (the "*Wilson* lawsuit").  A copy of the *Wilson* lawsuit is attached hereto as **Exhibit D**.

22.     On June 10, 2022, claimant Terrance Graham, father of decedent Martinus Wilson, filed a Complaint, case number 22-006927-NO, in the Circuit Court for the County of Wayne, Michigan, against Enduring Memories LLC, Enduring Memories Management Company, and others (the "*Graham* lawsuit").  A copy of the *Graham* lawsuit is attached hereto as **Exhibit E**.

23.     On June 14, 2022, Patrice Wilson, filed a separate Complaint, case number 22-007060-NO, in the Circuit Court for the County of Wayne, Michigan, against Enduring Memories LLC (the "*Wilson II* lawsuit"). A copy of the *Wilson II* lawsuit is attached hereto as **Exhibit F**.

24.     On September 9, 2022, claimants Breanna Brown, Hattie May Brown, Jacqueline Brown-Parks, and Preston Strickland, relatives of decedent Desmond Stinson, filed a Complaint, case number 22-010684-NO, in the Circuit Court of the Third Judicial Circuit, County of Wayne, Michigan, against Enduring Memories LLC, Enduring Memories Management Company, and others (the "*Brown* lawsuit"). A copy of the *Brown* lawsuit is attached hereto as **Exhibit G**.

25.     The allegations of the *Williams*, *Graham*, *Wilson*, *Wilson II*, and *Brown* lawsuits are similar in that they all allege claims and causes of action against Enduring Memories LLC and Enduring Memories Management Company arising out of the operation and mismanagement of the Gethsemane Cemetery located in Detroit, Michigan. For ease of reference, the *Williams*, *Graham*, *Wilson*, *Wilson II*, and *Brown* lawsuits will be collectively referred to as "the Underlying Lawsuits." The individual plaintiffs/claimants in the underlying lawsuits will be collectively referred to as the "the claimants."

26.     The Underlying Lawsuits allege that the claimants arranged for the burial of their respective family members who passed away in 2016 and purchased or had purchased a burial plot located at the Gethsemane Cemetery (the "Cemetery").

27.     The Underlying Lawsuits allege that the Cemetery is owned by the City of Detroit, who at various times, entered into contracts or agreements with private entities to manage and operate the Cemetery on its behalf, including non-parties New Cavalry, Necaba, and ST Enterprises I, LLC.

28.     The Underlying Lawsuits allege that after termination of Necaba's services in 2020, Enduring Memories LLC and/or Enduring Memories Management Company began providing management services for the Cemetery.

29.     The Underlying Lawsuits allege that following an FBI investigation and exhumation of bodies at the Cemetery, the underlying claimants learned that the bodies of their respective family members were buried in different plots or locations than the ones purchased by the underlying claimants, respectively.

30.     Claimants allege that due to the conduct of "defendants," including Enduring Memories LLC and Enduring Memories Management Company, the underlying claimants, respectively, visited the wrong grave site(s) for their loved ones over the course of several years.

31.     The Underlying Lawsuits include multiple causes of action, including "proprietary function negligence," intentional infliction of emotional distress (IIED), negligence, "fraud-false representation, innocent representation, and failure to disclose," conversion, violation of Michigan Consumer Protection Act, breach of contract, and gross negligence.

32.     The Underlying Lawsuits allege that "defendants," including Enduring Memories LLC and Enduring Memories Management Company, buried deceased individuals in burial plots different than the ones purchased by claimants; misrepresented to claimants where decedents' bodies had been buried; moved decedents' burial sites to different burial plots or locations, without consent; sold the same burial plot that was purchased by the claimants to different individuals, or otherwise caused multiple deceased individuals to be buried in a single plot; failed to take appropriate action after being placed on notice of problems with the management of the cemetery; failed to keep proper records so that it was known which person was buried in which cemetery

plot; failed to properly supervise and train employees on the preparation of the burial sites; and advertised services with the intent not to dispose of those services as advertised.

33.     The Underlying Lawsuits further allege that all "defendants," including Enduring Memories LLC and Enduring Memories Management Company, acted individually, or in concert with each other, to intentionally and fraudulently mislead claimants as to the location of the burial plots of their loved ones, or conceal the existence of claimants' claims.

## THE CHUBB POLICIES

34.     Chubb issued a Businessowners Liability policy, policy number D52780160, to Enduring Memories LLC for the policy period August 20, 2019, to August 20, 2020 (the "19-20 Policy").  The 19-20 Policy includes limit of $1,000,000 per occurrence and $2,000,000 in the aggregate. A copy of the 19-20 Policy is attached hereto as Exhibit A.

35.     Enduring Memories Management Company is not a named insured on the 19-20 Policy and does not otherwise qualify as an "insured" thereunder.

36.     Chubb also issued a Businessowners Liability policy, policy number D52780160, to Enduring Memories LLC and Enduring Memories Management Company for the policy period August 20, 2020, to August 20, 2021 (the "20-21 Policy"). The 20-21 Policy includes limit of $1,000,000 per occurrence and $2,000,000 in the aggregate. A copy of the 20-21 Policy is attached hereto as Exhibit B.

37.     The 19-20 and 20-21 Policies contain an identical coverage form and insuring agreement, and many of the same endorsements and attachments, and therefore, are referred to collectively as the "Chubb Policies" unless otherwise specified.

38.     The Chubb Policies provide, in relevant part, the following with respect to the liability coverage afforded therein:

### BUSINESSOWNERS COVERAGE FORM
\* \* \*

## SECTION II- LIABILITY

**A.     Coverages**

**1.     Business Liability**

**a.**     We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily" injury, "property damage" or "personal and advertising injury" to which this insurance does not apply. \* \* \*

\* \* \*

**b.**     This insurance applies:

**(1)**     To "bodily injury" or "property damage" only if:

**(a)**     The "bodily injury" and "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

**(b)**     The "bodily injury" or "property damage" occurs during the policy period; and

**(c)**     Prior to the policy period, no insured listed under Paragraph **C.1.** Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known before the policy period.

\* \* \*

11

39.     Section II-LIABILITY, Coverage A of the Chubb Policies, as amended by the

Businessowners Liability Enhancements Endorsement (Form BOP-47635a (07/16)), define

"bodily injury" as:

> **L.   BODILY INJURY, INCLUDING RESULTING MENTAL ANGUISH**
>
> \* \* \*
>
> **3.**   "Bodily Injury" means physical:
>
>     **a.**  Injury;
>
>     **b.**  Sickness; or
>
>     **c.**  Disease;
>
>     sustained by a person, including resulting death, humiliation, mental anguish, mental injury or shock at any time. All such loss shall be deemed to occur at the time of the physical injury, sickness or disease.

40.     The Chubb Policies define the term "occurrence" as follows:

> **13.**   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

41.     The Chubb Policies define the term "property damage," in relevant part, as follows:

> **17.**   "Property damage" means:
>
>     **a.**  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
>
>     **b.**  Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.

42.     Absent an applicable exclusion, limitation, or other condition, Section II-

LIABILITY, Coverage A of the Chubb Policies provides coverage, in relevant part, for those sums

that the insured becomes legally obligated to pay as damages because of "bodily injury" or

"property damage" caused by an "occurrence," where the injury or damage takes place during the policy period.

43.     The Underlying Lawsuits allege that "defendants," including Enduring Memories LLC and Enduring Memories Management Company, mishandled deceased remains, moved burial plots and decedents' remains without notice, misrepresented where deceased bodies were buried, encroached upon existing graves when burying new bodies, failed to keep proper records of burial locations, breached their contract with claimants.

44.     Accordingly, claimants claims for "proprietary function negligence," intentional infliction of emotional distress, negligence, "fraud-false representation, innocent representation, and failure to disclose," conversion, violation of Michigan Consumer Protection Act, breach of contract, and gross negligence do not allege "property damage" as defined by the Chubb Policies.

45.     Further, the Underlying Lawsuits do not allege any physical injury, sickness, or disease to any claimant.  Instead, the underlying claimants seek recovery for emotional distress and other economic and non-economic damages including pain, suffering, and mental anguish, and therefore, do not allege "bodily injury" as defined by the Chubb Policies.

46.     To the extent "bodily injury" or "property damage" is alleged, which is denied, the Underlying Lawsuits fail to allege any injury or damage taking place during the 19-20 or 20-21 Policy periods.

47.     In addition to the above, the Underlying Lawsuits allege that "defendants," including Enduring Memories LLC and Enduring Memories Management Company, acted intentionally, with knowledge of the multiple issues regarding their burial practices, and fraudulently misled claimants as to the location of the burial plots and deceased's remains, and therefore, fail to allege an "occurrence" as defined by the Chubb Policies.

48.     The Chubb Policies include an exclusion 1.a. (Expected Or Intended Injury), which provides that this insurance does not apply to:

> **a.  Expected Or Intended Injury**
>
> "Bodily Injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

49.     Exclusion 1.a. precludes coverage for "bodily injury" or "property damage" expected or intended from the standpoint of the insured.  To the extent that the Underlying Lawsuits satisfy the Insuring Agreement of the Chubb Policies, exclusion 1.a. bars coverage.

50.     The Chubb Policies also include an exclusion 1.b. (Contractual Liability), which provides that this insurance does not apply to:

> **b.  Contractual Liability**
>
> "Bodily Injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> **(1)** That the insured would have in the absence of the contract or agreement; or
>
> **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement[…]

51.     The Chubb Policies define the term "insured contract", in relevant part, as follows:

> **9.**     "Insured contract" means:
>
> * * *
>
> **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" or "property damage" to a third person or organization.

> Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

52.     The Underlying Lawsuits include a breach of contract claim and allege that underlying claimants entered into a contract for the purchase of a cemetery plot and/or headstone at the Cemetery and that "defendants" breached their duties by failing to maintain proper records and over-selling plots to different individuals.  Therefore, to the extent "bodily injury" or "property damage" is alleged, which is denied, exclusion 1.b. bars coverage.

53.     The Chubb Policies also include an exclusion 1.j. (Professional Services), which provides that this insurance does not apply to:

> **3.  Professional Services**
>
> "Bodily Injury", "property damage" or "personal and advertising injury" caused by the rendering or failure to render any professional service.
>
> * * *
>
> This exclusion applies even if the claims allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by an insured, if the "occurrence" which caused the "bodily injury" or "property damage", or the offense which caused the "personal and advertising injury", involved the rendering or failure to render of any professional service.

54.     The Underlying Lawsuits allege that Enduring Memories LLC and/or Enduring Memories Management Company provided cemetery management services for the City of Detroit at the Cemetery.  The alleged cemetery management services at issue in the Underlying Lawsuits constitute professional services under applicable law and the Chubb Policies, and as alleged, were the cause of claimants' emotional or other injuries/damages.

55.     Consequently, to the extent "bodily injury" or "property damage" is alleged, which is denied, exclusion 1.j. bars coverage.

56.     The Chubb Policies also include an exclusion 1.k. (Damage to Property), which

provides that this insurance does not apply to:

**k.  Damage to Property**

"Property damage to":

\* \* \*

**(4)**   Personal property in the care, custody or control of the
insured;

**(5)**   That particular part of real property on which you or any
contractor or subcontractor working directly or indirectly on
your behalf is performing operations, if the "property
damage" arises out of those operations; or

**(6)**   That particular part of any property that must be restored,
repaired or replaced because "your work" was incorrectly
performed on it.

\* \* \*

Paragraph **(6)** of this exclusion does not apply to "property
damage" included in the "products-completed operations
hazard".

57.     The Underlying Lawsuits allege that Enduring Memories LLC and/or Enduring

Memories Management Company provided cemetery management services at the Cemetery, and

as a result of defendants' misconduct caused injury or damage to claimants.  To the extent

"property damage" is alleged, which is denied, one or more subsections of exclusion 1.k, bar

coverage.

58.     The Chubb Policies also include an exclusion 1.n. (Damage to Impaired Property

Or Property Not Physically Injured), which provides that this insurance does not apply to:

**n.      Damage to Impaired Property Or Property Not
Physically Injured**

"Property damage" to "impaired property" or property that
has not been physically injured, arising out of:

(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or

(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

59.     To the extent that the Underlying Lawsuits allege "property damage", which is denied, exclusion 2.n. bars coverage.

<u>**COUNT I – DECLATORY JUDGMENT**</u>
**Defendant Enduring Memories Headstone Monument Co., LLC**
**No Coverage for the Underlying Lawsuits**

60.     Chubb adopts and re-alleges the allegations in paragraphs 1 through 59 of its Complaint for Declaratory Judgment as paragraph 60 of Count I against Defendant Enduring Memories Headstone Monument Co., LLC, as if fully set forth herein.

61.     Chubb does not owe a duty to defend or indemnify Enduring Memories LLC in connection with the Underlying Lawsuits under the 19-20 or 20-21 Chubb Policies for the following reasons:

A. The Underlying Lawsuits fail to allege "bodily injury" or "property damage" caused by an "occurrence," and therefore, fail to satisfy the Insuring Agreement, Section II-LIABILITY, A. Coverages, of the Chubb Policies;

B. The Underlying Lawsuits fail to allege any "bodily injury" or "property damage" occurring during the policy period of the Chubb Policies, and therefore, fail to satisfy the Insuring Agreement, Section II-LIABILITY, A. Coverages, of the Chubb Policies;

C. Even if the allegations of the Underlying Lawsuits satisfy the Insuring Agreement of the Chubb Policies, which is denied, Exclusion 1.a. (Expected Or Intended Injury) bars coverage;

D.  Even if the allegations of the Underlying Lawsuits satisfy the Insuring Agreement of the Chubb Policies, which is denied, exclusion 1.b. (Contractual Liability) bars coverage;

E.  Even if the allegations of the Underlying Lawsuits satisfy the Insuring Agreement of the Chubb Policies, which is denied, exclusion 1.j. (Professional Services) bars coverage;

F.  Even if the allegations of the Underlying Lawsuits satisfy the Insuring Agreement of the Chubb Policies, which is denied, exclusion 1.k. (Damage to Property) bars coverage;

G.  Even if the allegations of the Underlying Lawsuits satisfy the Insuring Agreement of the Chubb Policies, which is denied, exclusion 1.n. (Damage to Impaired Property Or Property Not Physically Injured) bars coverage; and

H.  Any allegations or liability for punitive or exemplary damages do not constitute damages because of "bodily injury" or "property damages" caused by an "occurrence," or are otherwise uninsurable under applicable law and public policy.

## COUNT II – DECLATORY JUDGMENT
### Defendant Enduring Memories Cemetery Management Company, Inc.
### No Coverage for the Underlying Lawsuits

62.  Chubb adopts and re-alleges the allegations in paragraphs 1 through 59 of its Complaint for Declaratory Judgment as paragraph 62 of Count II against Defendant Enduring Memories Cemetery Management Company, Inc., as if fully set forth herein.

63.  Chubb does not owe a duty to defend or indemnify Enduring Memories Management Company in connection with the Underlying Lawsuits under the 19-20 or 20-21 Chubb Policies for the following reasons:

A.  Enduring Memories Management Company is not identified as a Named Insured, Insured, "Additional Insured" or on any other basis in or under the 19-20 Policy, and therefore, is not an "insured" or otherwise entitled to coverage under the 19-20 Policy;

B.  The Underlying Lawsuits fail to allege "bodily injury" or "property damage" caused by an "occurrence," and therefore, fail to satisfy the

18

Insuring Agreement, Section II-LIABILITY, A. Coverages, of the Chubb Policies;

C.   The Underlying Lawsuits fail to allege any "bodily injury" or "property damage" occurring during the policy period of the Chubb Policies, and therefore, fail to satisfy the Insuring Agreement, Section II-LIABILITY, A. Coverages, of the Chubb Policies;

D.   Even if the allegations of the Underlying Lawsuits satisfy the Insuring Agreement of the Chubb Policies, which is denied, Exclusion 1.a. (Expected Or Intended Injury) bars coverage;

E.   Even if the allegations of the Underlying Lawsuits satisfy the Insuring Agreement of the Chubb Policies, which is denied, exclusion 1.b. (Contractual Liability) bars coverage;

F.   Even if the allegations of the Underlying Lawsuits satisfy the Insuring Agreement of the Chubb Policies, which is denied, exclusion 1.j. (Professional Services) bars coverage;

G.   Even if the allegations of the Underlying Lawsuits satisfy the Insuring Agreement of the Chubb Policies, which is denied, exclusion 1.k. (Damage to Property) bars coverage;

H.   Even if the allegations of the Underlying Lawsuits satisfy the Insuring Agreement of the Chubb Policies, which is denied, exclusion 1.n. (Damage to Impaired Property Or Property Not Physically Injured) bars coverage; and

I.   Any allegations or liability for punitive or exemplary damages do not constitute damages because of "bodily injury" or "property damages" caused by an "occurrence," or are otherwise uninsurable under applicable law and public policy.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff Ace Property And Casualty Insurance Company ("Chubb") respectfully prays that this Honorable Court declare and adjudicate the rights and liabilities of the parties regarding the 19-20 and 20-21 Chubb Policies, together with the following relief:

a.   Find and declare that Chubb has and had no duty under the Chubb Policies to defend Defendants Enduring Memories Headstone Monument Co., LLC and/or Enduring Memories Cemetery

19

Management Company, Inc., in connection with the Underlying Lawsuits described herein;

b.       Find and declare that Chubb has and had no duty to indemnify Defendants Enduring Memories Headstone Monument Co., LLC and/or Enduring Memories Cemetery Management Company, Inc. in connection with the Underlying Lawsuits described herein; and

c.       Grant Chubb such other and further relief that the Court deems just and equitable.

Dated this 11th day of January, 2023.

Respectfully submitted,

/s/Jason Taylor_____
One of the Attorneys for Plaintiff ACE PROPERTY AND CASUALTY INSURANCE COMPANY

Jason M. Taylor (P85247)
jtaylor@tlsslaw.com
TRAUB LIEBERMAN
STRAUS & SHREWSBERRY, LLP
71 S. Wacker Drive, Suite 2110
Chicago, Illinois 60606
312.332.3900
312.332.3908 (f)